# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL ROSA-DIAZ, | : | Civil No. 1:17-CV-2215 |
| Plaintiff, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| LAUREL HARRY, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, a state prisoner, commenced this action by a complaint on December 4, 2017, which named 34 correctional defendants. (Doc. 1.) Following a screening review, this complaint was dismissed without prejudice and the plaintiff was directed to file an amended complaint within 20 days. (Docs. 7-10.) The plaintiff has now moved for leave to file an amended complaint which somewhat narrows his claims, and deletes nine previously named defendants. (Doc. 12.) Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings strongly favors amendment of pleadings, and provides that such leave to amend should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, IT IS ORDERED as follows:

1

1. The plaintiff's motion for leave to amend (Doc. 12) is GRANTED, and the plaintiff's proposed amended complaint, (Doc. 12-1), will be lodged by the clerk as the amended complaint in this matter.

2. We believe that this development has substantive significance for the parties with respect to those defendants named in the initial complaint who are not named in the amended complaint since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Therefore, the clerk shall terminate the following defendants from this case, as these defendants are not named as parties in the amended complaint: B. Ritchey, Koser, McBeth, Berfield, Hoerner, Snyder, Bloomfield, Line, and Dianna Erickson.

3. The Clerk of Court is directed to serve plaintiff's amended complaint (Doc. 12-1), by mail in accordance with F.R.C.P. 4. The defendants are requested to

waive service pursuant to Rule 4(d). To effect service as expeditiously as possible the Clerk of Court is specially appointed to serve a copy of the complaint, notice of lawsuit and request for waiver of service of summons, waiver, and this order on each defendant. The Court requests that defendants cooperate in efforts to simplify case administration by waiving service pursuant to Fed.R.Civ.P. 4(d)[1]. The waiver requests shall inform the defendants both of the consequences of compliance and of failure to comply with the requests. The defendants are permitted 30 days from the date the waiver requests are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers or electronically file them in the court's Electronic Case Filing (ECF) system. If a signed waiver is not returned or electronically filed within the required time, an order shall be issued directing the Clerk's office to transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service under Fed.R.Civ.P. 4(c) (1).

IT IS FURTHER ORDERED that the Court must have the complete name and address for each and every defendant named in the complaint in order to affect service, something which the plaintiff has not yet done. Any defendant not properly identified will not be served. Therefore, if the complaint lists unknown defendants

---

[1] The intent of this order is to administer this matter in a manner consistent with Federal Rule of Civil Procedure 1, "to secure the just, speedy, and inexpensive determination of every action".

or defendants without proper mailing addresses, the plaintiff shall provide to the Clerk's Office, the completed required Notice of Waiver of Summons, Waiver of Summons, and USM 285 forms, for each defendant that cannot be properly served (unless the properly completed forms were sent to the Clerk with the complaint). If the plaintiff does not have sufficient copies of the form to prepare one for each defendant, he or she may obtain additional forms from the Clerk of Court. On this form the plaintiff must give the full name and complete address of each individual defendant. If plaintiff fails to give the Clerk's Office correct instructions for mailing to any defendant, the claims against that defendant may be dismissed pursuant to Federal Rule of Civil Procedure 4(m). The plaintiff is further advised that no defendant is required to respond to the complaint until he or she has accepted a copy of the complaint and waived service, or has been served. Therefore, a motion for default cannot properly be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond, within sixty (60) days after the notice has been mailed (if service is waived pursuant to the notice) or twenty (21) days after being served the summons and complaint by the United States Marshal Service, which will be done for defendants who do not waive service.

IT IS FURTHER ORDERED that the plaintiff shall immediately advise the Court of any change in address. Failure to do so may result in dismissal for failure to

prosecute if the Court and other parties are unable to serve pleadings, orders and other documents upon plaintiff.

SO ORDERED, this 2d day of February, 2018.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge