IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL ROSA-DIAZ,** | : | Civil No. 1:17-cv-2215 |
| **Plaintiff,** | : | |
| v. | : | |
| **LAUREL HARRY, et al.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is a motion for appointment of counsel filed by Plaintiff Gabriel Rosa-Diaz. (Doc. 37.) For the reasons set forth herein, the motion will be denied.

## I. Background

On December 4, 2017, Plaintiff, a prisoner formerly housed at SCI-Camp Hill, Pennsylvania, filed a prisoner civil rights lawsuit against thirty-four officers and medical personnel at SCI-Camp Hill. On December 6, 2017, the magistrate judge to whom the complaint was referred filed a report and recommendation in which he recommended that the complaint be dismissed without prejudice to the filing of an amended complaint. (Doc. 7.) The court adopted the report and recommendation (Doc. 10), and an amended complaint was filed on January 22, 2018 (Doc. 12).

On May 2, 2018, Defendants filed a motion to dismiss the amended complaint for failure to state a claim. (Doc. 26.) On June 14, 2018, the magistrate judge filed a report and recommendation in which he recommended that all claims, except Plaintiff's Eighth Amendment claim against Defendants Digby, Harry and Strohecker and Plaintiff's First Amendment claim against Defendant Harry, be dismissed. (Doc. 31.) The court adopted the report and recommendation on July 16, 2018. (Doc. 32.) Trial is currently scheduled for January 7, 2019. (*See* Doc. 33.) On August 21, 2018, Plaintiff filed the instant motion for appointment of counsel. (Doc. 37.)

## II. Discussion

Although prisoners have no constitutional statutory right to the appointment of counsel in civil cases, the court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *See Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). "[T]he district court must consider as a threshold matter the merits of the plaintiff's claim." *Id.* at 155.

As to Plaintiff's Eighth Amendment claim, the magistrate judge noted that an examination of the well-pleaded facts reveals that Plaintiff has sufficiently stated a claim. However, the magistrate judge also noted that the claim requires consideration of matters outside the pleadings. Therefore, the merits of the claim cannot properly be examined at this stage of the proceedings. Likewise, while

2

Plaintiff's factual averments regarding his First Amendment claim of retaliation state a colorable claim, an assessment of the claim's merits requires a more complete factual record.

Other factors the court should consider when deciding a motion to appoint counsel are as follows: (1) difficulty of the legal issues; (2) degree to which factual investigation will be necessary; (3) plaintiff's capacity to retain counsel on his own behalf; (4) the degree to which the case is likely to turn on credibility determinations; and (5) whether the case will require expert testimony. *Id.* at 155-57.

The issues presented by this case are not complex. Factual investigation is not necessary. Plaintiff asserts that he has attempted to obtain counsel on his own, but has been unsuccessful. (Doc. 37, ¶ 9.) While credibility is an issue in this case, there is rarely a case of this nature in which credibility is not an issue. Furthermore, Plaintiff has documents available to him to support his case, such as incident reports, and it appears that witnesses may be available to testify as to the conditions of his cell and Plaintiff Harry's threats. Discovery has not yet concluded.

Finally, Plaintiff has shown that he is capable of representing himself in this litigation. He has successfully presented a pleading in which two causes of action have survived a motion to dismiss. An examination of court records also shows

that Plaintiff has initiated at least nine civil cases and has represented himself in at least one jury trial.

For the foregoing reasons, the motion to appoint counsel will be denied. An appropriate order will issue.

                         s/Sylvia H. Rambo
                         SYLVIA H. RAMBO
                         United States District Judge

Dated: August 29, 2018