# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL ROSA-DIAZ, | : | Civil No. 1:17-CV-2215 |
| Plaintiff, | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| LAUREL HARRY, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a *pro se* state prisoner civil rights lawsuit. One of the surviving claims in this case is an Eighth Amendment conditions of confinement claim brought by Rosa-Diaz who alleges that in March and April of 2017, while he was a state prisoner housed at the State Correctional Institution (SCI) Camp Hill, he was housed in a cell where "there were human feces inside the air conditioner and exhaust ventilations [in his new cell]; . . . the plumbing for the hot water did not work and plaintiff did not had [sic] access to hot water; . . . the exhaust air ventilation was broken and inoperative and; . . . the cell smelled of urine and feces." (Doc. 12-1, ¶ 36.)

With the issues in this litigation framed in this fashion, Rosa-Diaz has filed a motion captioned as a motion to stay. (Doc. 50.) While styled as a motion to stay, in fact, the motion seeks two categories of discovery. First, Rosa-Diaz seeks to have defendants Digby and Stohecker respond to the interrogatories and requests for

1

production of documents he has propounded. In addition, Rosa-Diaz seeks leave to communicate with a prospective inmate witness Eric Maple, who Rosa-Diaz believes refused at that time to enter the cell formerly occupied by Rosa-Diaz in the Spring of 2017 because of the lingering presence of human waste in the cell.

With respect to this request to stay proceedings:

> It is well-settled that: "Motions to stay, ..., are non-dispositive. See Delta Frangible Ammunition, LLC v. Sinterfire, Inc., 2008 WL 4540394, at *1 n. 1 (W.D. Pa. Oct. 7, 2008); Pass & Seymour, Inc. v. Hubbell Inc., 532 F.Supp.2d 418, 426 n. 7 (N.D.N.Y. 2007). Therefore, as a magistrate judge we are empowered to rule upon such matters. See Ball v. SCI Muncy, No. 1:08-CV-700, 2012 WL 2805019, at *1 (M.D. Pa. July 10, 2012).The legal standards which govern stay requests are familiar ones and emphasize the court's broad discretion.

Thompson v. Poplin, No. 1:18-CV-1846, 2018 WL 4964128, at *1 (M.D. Pa. Oct. 15, 2018).

In this case in the exercise of our discretion we will DENY this request for a stay but afford Rosa-Diaz other relief. We deny this stay request because as we construe the motion Rosa-Diaz does not actually seek a stay of discovery. Rather he seeks more fulsome discovery. Accordingly, while we DENY this motion to stay, IT IS ORDERED that on or before **January 11, 2019**, the defendants shall respond to Rosa-Diaz's discovery requests by providing complete responses to the discovery demands propounded by the plaintiff upon Defendants Digby and Stohecker, and by providing the Court and Rosa-Diaz with any proposed protocol for communication by Rosa-Diaz with a prospective inmate witness in this case, inmate Eric Maple.

So ordered this 11th day of December, 2018.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge