IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL ROSA-DIAZ,** | : | Civil No. 1:17-CV-2215 |
| | : | |
| Plaintiff, | : | (Judge Rambo) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **LAUREL HARRY, et al.,** | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS CASE IS AS FOLLOWS:

This is a *pro se* state prisoner civil rights lawsuit. One of the surviving claims in this case is an Eighth Amendment conditions of confinement claim brought by Rosa-Diaz who alleges that in March and April of 2017, while he was a state prisoner housed at the State Correctional Institution (SCI) Camp Hill, he was housed in a cell where "there were human feces inside the air conditioner and exhaust ventilations [in his new cell]; . . . the plumbing for the hot water did not work and plaintiff did not had [sic] access to hot water; . . . the exhaust air ventilation was broken and inoperative and; . . . the cell smelled of urine and feces." (Doc. 12-1, ¶ 36.)

With the issues in this litigation framed in this fashion, Rosa-Diaz filed a motion which seemed to seek a copy of the deposition testimony of an inmate witness Eric Maple. (Doc. 120). Rosa-Diaz filed this motion on April 24, 2020, but the motion was first referred to us on August 10, 2020. Upon learning of the motion

on August 10, we acted in a prompt and favorable fashion, granting the motion in part the following day, August 11, 2020. Nonetheless, imputing some bias on our part from the perceived delay in ruling upon this motion, Rosa-Diaz has filed a motion seeking our recusal. For the reasons set forth below, this motion is DENIED.

The legal standards which govern recusal requests were aptly summarized in Conklin v. Warrington Township, 476 F.Supp.2d 458 (M.D. Pa. 2007). In terms that are equally applicable here, the court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party. . . . Id.
>
> Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against [the plaitniff]. As explained by the Supreme Court, these provisions "require . . . 'bias and prejudice' . . . to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir.1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995).

Id. at 462-3.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. As we have observed:

> The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir.1995), cert. denied, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:
>
>> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

Id. at 463.

Judged against these benchmarks, Rosa-Diaz's recusal motion fails as a matter of law. First, the plaintiff errs in imputing some bias on our part from the delay in ruling upon his motion. That delay was a simple function of a belated notification of the pending motion. Moreover, once we learned of this pending motion, we acted with alacrity, granting the motion in part the day after it was referred to us. Thus, nothing in our handling of this case exhibits the type of extra-judicial bias which is necessary for recusal. Accordingly, we conclude our legal analysis of this recusal motion by observing that "a judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.' " <u>Conklin</u>, 476 F. Supp. 2d at 463. Guided by this basic truth, Rosa-Diaz's recusal motion must be denied. <u>See</u> <u>Fouad v. Milton Hershey Sch. & Tr.</u>, No. 1:19-CV-253, 2020 WL 1467251, at *6 (M.D. Pa. Mar. 26, 2020).

AND NOW, this 11th day of August 2020, IT IS ORDERED that the plaintiff's motion to recuse (Doc. 131) is DENIED.

<u>S/Martin C.    Carlson</u>
Martin C. Carlson
United States Magistrate Judge